UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CONCORD AT THE VINEYARDS
CONDOMINIUM ASSOCIATION,
INC.,

      Plaintiff,

v.                          Case No: 2:21-cv-380-SPC-MRM

EMPIRE INDEMNITY
INSURANCE COMPANY,

      Defendant.
_____/

**OPINION AND ORDER**[1]

Before the Court is Plaintiff Concord at the Vineyards Condominium Association, Inc.'s Motion to Stay Proceedings Pending Completion of Disputed Post-Loss Conditions (Doc. 24), along with Defendant Empire Indemnity Insurance Company's response in opposition (Doc. 25).

This case is an insurance dispute. Hurricane Irma damaged Plaintiff's condominium complex when it landed four years ago. Plaintiff reported the damage to Defendant, its insurer, who investigated the loss. The investigation included Plaintiff producing many documents, sitting for an examination

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

under oath, and allowing Defendant to inspect the complex for over thirty days. Eventually Defendant paid Plaintiff for some damage—but allegedly not enough. Plaintiff wants about $14 million more. Because Defendant will not pay, Plaintiff sues it for breach of contract and intends to pursue appraisal. (Doc. 1).

About a week after suing, Defendant asked Plaintiff to produce more documents, submit to more inspections, and clarify the examination under oath. (Doc. 24 at 3). Plaintiff will cooperate but seeks to stay this case while it gives Defendant what it wants.

Defendant opposes a stay. It mostly argues that Plaintiff has sued prematurely, has shown no good cause for an indefinite stay, and delayed its investigation of the property damage. Defendant also labels Plaintiff's reasons for the stay as "contrived and strategic," because Plaintiff is only trying to undercut any post-loss duty affirmative defenses. (Doc. 25 at 6).

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The party seeking the stay must show good cause and reasonableness. *See Belloso v. Asplundh Tree Expert Co.*, No. 6:18-cv-460-Orl-40TBS, 2018 WL 4407088, at *2 (M.D. Fla. Sept. 17, 2018). In deciding whether a stay is suitable, courts examine several factors including "(1) whether a stay will simplify the issues and streamline the trial; (2) whether a stay will reduce the

burden of litigation on the parties and the court; and (3) whether the stay will unduly prejudice the non-moving party." *Shire Dev. LLC v. Mylan Pharm. Inc.*, No. 8:12-CV-1190-T-36AEP, 2014 WL 12621213, *1 (M.D. Fla. July 25, 2014) (citation omitted).

Having carefully reviewed the parties' papers, record, and applicable law, the Court finds good cause to stay this case. *See, e.g.*, *Vintage Bay Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 2:18-cv-729-FTM-99UAM, 2019 WL 1149904, at *1 (M.D. Fla. Mar. 13, 2019) (staying the case before appraisal so the insured could complete examinations under oath); *SFR Servs., LLC v. Lexington Ins. Co.*, No. 2:19-cv-229-JES-NPM, 2020 WL 3640540, at *7 (M.D. Fla. July 6, 2020) (abating the action for sixty days to allow the insurer to get requested documents and take the insured's examination under oath and allowing the parties to renew motions for summary judgment). Plaintiff seeks the stay only to meet Defendant's new demands that follow up on Plaintiff's undisputed post-loss conduct. Under these circumstances, granting the stay will streamline the case towards appraisal, reduce needless motions, and lessen unnecessary litigation expenses. Defendant will also suffer no prejudice or undue burden by a stay. This case is only months old. And Defendant's fear of an indefinite stay is unfounded. A stay will hinge largely on Defendant's satisfaction with Plaintiff's cooperating to meet the new demands. And Plaintiff has a strong interest in satisfying Defendant's demands quickly and

sufficiently. The interest being to return to this case so it may (hopefully) succeed on the merits and recover millions of dollars.

The Court also does not find Plaintiff's motive for a stay to be underhanded like Defendant suggests. Defendant wrote to Plaintiff a week after this suit to say that it had not finished its inspection, had questions about the examination under oath, and needed more documents. By filing this suit, it appears Plaintiff was satisfied with its compliance with its post-loss duties. For whatever reason, Defendant has put the matter back to the table. So the Court finds it reasonable to grant the stay and allow Defendant to get the information it desires in the most just and speedy manner. At bottom, the Court finds good and reasonable cause to exercise its discretion to stay this case.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Concord at the Vineyards Condominium Association, Inc.'s Motion to Stay Proceedings Pending Completion of Disputed Post-Loss Conditions (Doc. 24) is **GRANTED**.

2. This case is **STAYED**, and the Clerk must add a stay flag to the file.

3. The parties are **DIRECTED** to file a joint status report on whether the stay is ready to be lifted or before **December 2, 2021**, and every **sixty days** thereafter.

**DONE** and **ORDERED** in Fort Myers, Florida on October 4, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record