UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CONCORD AT THE VINEYARDS
CONDOMINIUM ASSOCIATION,
INC.,

    Plaintiff,

v.                                             Case No.:  2:21-cv-380-SPC-KCD

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**[1]

In this insurance dispute, Concord moves to compel appraisal, relying on an appraisal provision in the parties' insurance contract. (Doc. 37.) Empire opposes appraisal. (Doc. 40.) The Court now grants the motion.

This suit is just one of dozens of Hurricane Irma cases pending in this Court. These cases generally proceed down the same track. The parties dispute whether post-loss conditions were complied with, fight about going to appraisal, fight about who will be the umpire, fight about confirming the appraisal award, and then fight about coverage. Sometimes they settle;

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

oftentimes not. It's no surprise, then, that many of the same arguments are made along the way.

Empire again pulls from the same playbook, arguing: (1) appraisal is a remedy in the form of specific performance that must be pled and proven and granted only via summary judgment or after a finding that Empire breached the appraisal provision; (2) Concord waived appraisal by unreasonably delaying its demand for appraisal; (3) the Court should impose certain guidelines on any appraisal award; and (4) a stay is unnecessary. (Doc. 40.)

Cases rejecting Empire's first argument are legion. *See Breakwater Commons Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-cv-31-JLB-NPM, 2021 WL 1214888 (M.D. Fla. Mar. 31, 2021); *Marbella at Spanish Wells 1 Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-cv-641-SPC-MRM, 2022 WL 1302328 (M.D. Fla. May 2, 2022); *Positano Place at Naples II v. Empire Indem. Ins. Co.*, No. 2:21-cv-181-SPC-MRM, 2022 WL 714809 (M.D. Fla. Mar. 10, 2022); *Waterford Condo. Ass'n of Collier Cty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-81-FTM-38NPM, 2019 WL 3852731, *2 (M.D. Fla. Aug. 16, 2019), *reconsideration denied*, No. 2:19-CV-81-FTM-38NPM, 2019 WL 4861196 (M.D. Fla. Oct. 2, 2019) (citing *CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, No. 2:18-CV-779-FTM, 2019 WL 2281678, at *3 (M.D. Fla. May 29, 2019)).[2]

---

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

The Court sees no reason to depart from this well-developed case law. Empire's first argument thus fails.

Second, Empire argues that Concord waived appraisal by delaying its request for appraisal until after it sued and by demanding a jury trial. This claim also treads old ground. *See Waterford,* 2019 WL 3852731 at *3 ("But the policy does not say that filing a complaint cuts off appraisal rights, and the Court has consistently allowed insured parties to seek appraisal after demanding a jury trial."). Nothing has changed, and the Court again rejects Empire's argument. The parties' appraisal provision contains no specific deadline. And although this case proceeded longer than expected before the motion to compel appraisal was filed (*e.g.*, a case management and scheduling order was entered), the case was stayed while the parties disputed whether post-loss conditions were completed. (Doc. 26.) "In Florida, all post-loss conditions must be satisfied before a trial court can exercise its discretion to compel appraisal." *See Gulfside, Inc. v. Lexington Ins. Co.*, No. 2:19-cv-851-SPC-MRM, 2021 WL 3471631, at *2 (M.D. Fla. Aug. 6, 2021). Concord invoked appraisal shortly after post-loss conditions were completed and the stay was lifted. Given the case's history, the Court sees no action taken by Concord inconsistent with its right to appraisal. *Id.* There was no waiver.

Moving on, Empire argues that if it is forced to appraisal, the Court should impose certain minimal guidelines (listed at pages 12 and 13 of its brief)

3

to ensure the parties receive due process protections. Empire also claims that any appraisal award should be itemized and not calculate actual cost value. The Court has denied these requests in the past because no policy language requires such a form. It will again follow the same course here. *See Positano Place*, 2022 WL 714809 at *3; *Castillo*, 2021 WL 4438370 at *6; *Waterford*, 2019 WL 3852731 at *3; *Coral Reef Metro, LLC v. Scottsdale Ins. Co.*, 2:18-cv-460-FtM-38CM, 2019 WL 721286 at *3 (M.D. Fla. Jan. 30, 2019).

Finally, Empire objects to Concord's request for a stay while appraisal proceeds. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The party seeking the stay must show good cause and reasonableness. *See Belloso v. Asplundh Tree Expert Co.*, No. 6:18-cv-460-Orl-40TBS, 2018 WL 4407088, at *2 (M.D. Fla. Sept. 17, 2018). In deciding whether a stay is suitable, courts examine several factors including "(1) whether a stay will simplify the issues and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and the court; and (3) whether the stay will unduly prejudice the non-moving party." *Shire Dev. LLC v. Mylan Pharm. Inc.*, No. 8:12-CV-1190-T-36AEP, 2014 WL 12621213, *1 (M.D. Fla. July 25, 2014).

The Court finds that a stay is appropriate because, among other things, appraisal might resolve the parties' dispute. *See Positano*, 2022 WL 714809 at

4

*3; *Waterford*, 2019 WL 3852731 at *3 ("[A] stay would preserve judicial resources because appraisal might resolve the parties' dispute."). Enough said.

It is now **ORDERED**:

1. Plaintiff's Motion to Compel Appraisal and Stay (Doc. 37) is **GRANTED**.

2. The parties are **ORDERED** to expeditiously conduct an appraisal as prescribed by the appraisal provisions of the insurance policy, to file joint status reports every 90 days to advise the Court of the status of the appraisal, and to notify the Court upon completion of the appraisal process.

3. The Clerk is **DIRECTED** to place a stay flag on this case pending completion of the appraisal process.

**DONE and ENTERED** in Fort Myers, Florida this August 10, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record