UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CONCORD AT THE VINEYARDS CONDOMINIUM ASSOCIATION, INC.,

Plaintiff,

v. Case No.: 2:21-cv-380-SPC-KCD

EMPIRE INDEMNITY INSURANCE COMPANY,

Defendant.

_________________________________/

**OPINION AND ORDER**[1]

Before the Court is Defendant Empire's Objections to Magistrate Judge Kyle C. Dudek's Order on Plaintiff's Motion to Compel Appraisal (Doc. 57), and Plaintiff's Memorandum in Opposition to Defendant's Objections (Doc. 58). The matter is ripe for decision.

**BACKGROUND**

This is a Hurricane Irma dispute. The storm damaged Concord's property. The insurance policy between Concord and Empire covered the Irma

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

losses ("Policy"). Concord determined the loss was over $15 million. Empire decided there was a covered loss but refused to pay the full extent of the loss.

Concord brought a one-count Complaint for breach of contract. (Doc. 1). Concord later moved to compel appraisal. (Doc. 37). The Policy contains a provision providing either party the right to invoke appraisal for amount-of-loss disputes and setting out a procedure. Empire refuses to comply with the appraisal process and responded in opposition to Concord's motion to compel appraisal. (Doc. 40). Magistrate Judge Dudek granted Concord's motion to compel appraisal and stayed the case while appraisal proceeds. (Doc. 56).

The Court starts with the applicable standard of review. It then addresses Empire's specific objections.

## DISCUSSION

### A. Review Standard

Empire argues this Court must review de novo Judge Dudek's Order. The Court disagrees. The correct review standard is for clear error or contrary to law.

The threshold question is whether Judge Dudek's Order is dispositive of a party's claim or defense. If it is dispositive, the district judge must review it de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). If it is not dispositive, the district judge must modify or set aside any part of the order that is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).

Compelling appraisal is not dispositive. The Court has held this repeatedly when it rejected Empire's past arguments that a motion to compel appraisal should be treated as a motion for summary judgment. *See, e.g., Breakwater Commons Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-cv-31-JLB-NPM, 2021 WL 1214888 (M.D. Fla. Mar. 31, 2021), *objections overruled*, No. 2:20-cv-31-JLB-NPM (M.D. Fla. Feb. 1, 2022); *Marbella at Spanish Wells 1 Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-cv-641-SPC-MRM, 2022 WL 1302328 (M.D. Fla. May 2, 2022); *Positano Place at Naples II v. Empire Indem. Ins. Co.*, No. 2:21-cv-181-SPC-MRM, 2022 WL 714809 (M.D. Fla. Mar. 10, 2022); *Waterford Condo. Ass'n of Collier Cty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-81-FTM-38NPM, 2019 WL 3852731, *2 (M.D. Fla. Aug. 16, 2019), *reconsideration denied*, No. 2:19-CV-81-FTM-38NPM, 2019 WL 4861196 (M.D. Fla. Oct. 2, 2019) (*citing CMR Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, No. 2:18-CV-779-FTM, 2019 WL 2281678, at *3 (M.D. Fla. May 29, 2019)).

Concord's single count breach of contract claim seeks to recover benefits due under the Policy in the form of a judgment for monetary damages. Participation in the appraisal process will not dispose of this claim, as it will not determine Empire's liability. It will only supply a calculation of the amount of loss without determining whether Empire breached the contract or if Empire's defenses stand. *See, e.g., Breakwater Commons Ass'n, Inc. v. Empire*

*Indem. Ins. Co.*, No. 2:20-cv-31-JLB-NPM (M.D. Fla. Feb. 1, 2022); *Positano*, 2022 WL 714809, at *2. So, the Court will review Judge Dudek's Order for clear error or contrary to law.

A "finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985) (cleaned up). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *TemPay, Inc. v. Biltres Staffing of Tampa Bay, LLC*, 929 F. Supp. 2d 1255, 1260 (M.D. Fla. 2013) (cleaned up).

A final point: in this District, the issue of whether appraisal can be compelled before fact finding has been addressed in both Magistrate Judges' reports and recommendations and direct orders. *Compare Marbella*, 2022 WL 1302328; *Positano*, 2022 WL 714809; *Waterford* 2019 WL 3852731; *with Breakwater*, No. 2:20-cv-31-JLB-NPM (M.D. Fla. Feb. 1, 2022). Under both de novo review and clear error or contrary to law, judges in this District consistently upheld compelling appraisal pretrial. *Id.* That issue is directly before the Eleventh Circuit. Until the Eleventh Circuit decides, the Court will remain consistent with itself and the District. Because compelling appraisal is a nondispositive pretrial matter, magistrate judges may decide those motions by direct order.

Having established the appropriate review standard, the Court now turns to Empire's specific objections.

**B. Empire's Objections**

Empire raises the following objections to Judge Dudek's Order: (1) Concord did not sufficiently plead or show entitlement to injunctive relief in the form of specific performance; (2) appraisal should not be compelled absent a trial or summary judgment procedure; (3) Concord waived appraisal by invoking it only after an unreasonable amount of time and after suing Empire; and (4) Empire is entitled to certain guidelines and boundaries for the conduct of appraisal including that any type of appraisal not calculate actual cost value ("ACV") or replacement cost value ("RCV").

**1. Injunctive Relief**

Empire argues that compelling appraisal constitutes enforcement of contractual terms by injunctive relief in the form of specific performance, which must be sufficiently pled and proven before the Court may procedurally exercise its power to award it. The Court disagrees.

The problem for Empire is that the appraisal process is not remedial. Just as an order requiring the parties to attend a mediation is not remedial, participation in the appraisal process will not remedy the damages caused by Hurricane Irma. Rather, as a remedy for the harms caused by Hurricane Irma, Concord seeks to recover the benefits due under the policy in the form of a

judgment for monetary damages. (Doc. 1 at 22). The appraisal will be but one step in this process, supplying an extra-judicial mechanism to calculate the amount of loss. As the Eleventh Circuit explained in *CMR Construction and Roofing, LLC v. Empire Indem. Corp.*, 843 F. App'x 189, 193 (11th Cir. 2021): "Appraisal is a form of alternative dispute resolution that sets a disputed loss amount." *See also* Breakwater, 2021 WL 1214888, at *3 (recognizing that appraisal is neither a remedy nor a theory of recovery, but a private dispute-resolution mechanism; finding that the Court will not treat references to private dispute-resolution mechanisms as summary judgment-like motions because to do so would undermine the parties' agreement). Empire has advanced the injunction argument repeatedly before this Court in the past year and failed. *Id.* (citing *Waterford*, 2019 WL 3852731, at *2).

The Court's source of authority to order the parties to participate in an alternative dispute process comes from its subject-matter jurisdiction over a contract dispute where the parties included the right to have amount-of-loss disputes decided informally by experienced appraisers. Further, because appraisal will not dispose of Concord's breach of contract claim, or Empire's defenses to that, the Court does not treat the motion to compel appraisal as one for summary judgment. *Waterford*, 2019 WL 3852731, at *2 ("Unlike a summary judgment motion, a determination of whether appraisal is

appropriate does not determine whether there is a genuine disputed material fact or whether the moving party is entitled to judgment.”).

Thus, Empire’s objections that Concord did not sufficiently plead or show entitlement to specific performance, and that appraisal should not be compelled absent a summary judgment or trial, are overruled.

**2. Timing of Appraisal**

Empire argues Concord unreasonably delayed its demand for appraisal. But the Court has consistently allowed insured parties to seek appraisal after demanding a jury trial where the policy does not say that filing a complaint cuts off appraisal rights. *Waterford*, 2019 WL 3852731, at *3. As Judge Dudek pointed out, the parties’ appraisal provision contains no specific deadline and Concord invoked appraisal shortly after post-loss conditions were completed. So Empire’s objection on this ground fails.

**3. Appraisal Award Guidelines & Boundaries**

Empire argues that if it is forced to appraisal, the Court should impose certain minimal guidelines to ensure the parties receive due process protections and to prevent the appraisal of ACV and RCV. The Court disagrees.

The Court has denied requests to impose guidelines on the appraisal process in the past because no policy language requires it, and the Court relies on that line of cases here. *See, e.g.*, *Positano*, 2022 WL 714809, at *3; *Castillo*

*at Tiburon Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-CV-468-SPC-MRM, 2021 WL 4438370, at *6 (M.D. Fla. Sept. 28, 2021); *Waterford*, 2019 WL 3852731, at *3; *Coral Reef Metro, LLC v. Scottsdale Ins. Co.*, 2:18-cv-460-FtM-38CM, 2019 WL 721286, at *3 (M.D. Fla. Jan. 30, 2019), *report and recommendation adopted*, 2:18-cv-460-FtM-38UAM, 2019 WL 700114 (M.D. Fla. Feb. 20, 2019).

Empire argues that any appraisal must not calculate ACV or RCV. As in *Waterford*, this argument is based on a policy provision allowing Concord to choose two measures of damages: replacement cost or actual cash value. Empire asserts that Concord has not made an actual-cash-value claim in its complaint so the ACV Empire already paid is undisputed. To argue this, Empire is forced to characterize Concord's claim for over $15 million in damages as a "supplemental claim" for which Empire has not yet accepted coverage. And Empire argues Concord cannot compel appraisal for RCV because repairs have not been performed, making a replacement-cost claim unripe or moot.

Empire misses the mark in recycling these losing arguments. *Waterford*, 2019 WL 3852731, at *2. These arguments have nothing to do with the appraisal provision. What is necessary to compel the parties to appraisal under Empire's own policy is a disagreement on the value of the property or the amount of loss. And here there is just such a disagreement. Failure to

claim actual-cash-value or replacement-cost damages "may be defenses to the amount of damages that the insured may obtain, but they are not bases for denying appraisal." *Id.* at *2 (cleaned up).[2]

**4. Appraiser & Umpire Selection**

One final matter to address is the selection of appraisers and an umpire. The Policy calls for each party to select a competent and impartial appraiser and the two appraisers to select an umpire. If the parties cannot agree, either may request that the selection be made by a judge. The Court hopes the parties can agree and move on, but if not, the Court refers any dispute to Judge Dudek to conduct a conference with the parties and issue any appropriate order to select appraisers and an umpire.

Accordingly, it is now

**ORDERED:**

1. Defendant's Objections to the United States Magistrate Judge's Order (Doc. 57) are **OVERRULED**.
2. Defendant's Motion for Leave to Reply to Concord's Response to Empire's Objections to Appraisal (Doc. 59) is **DENIED** as moot.

---

[2] At first blush, the Court is skeptical of Empire's characterization of Concord's claim for over $15 million in damages as a "supplemental claim." But the Court need not determine that now. All that is necessary to compel appraisal is a disagreement on the amount of loss, present here.

3. The parties are **DIRECTED** to file a joint report on the status of appraisal on or before **December 8, 2022**, and every **ninety days** thereafter until appraisal has ended. This modifies the deadline in Judge Dudek's Order for joint status reports on appraisal. (Doc. 56).
4. Within **seven days** of appraisal ending, the parties are **DIRECTED** to jointly notify the Court of (a) what issues, if any, remain for the Court to resolve; (b) whether the stay needs to be lifted; and (c) how this action should proceed, if at all.
5. If the parties cannot agree on the selection of appraisers and an umpire, they must notify Judge Dudek by **November 16, 2022**. Any dispute over the selection of appraisers and an umpire is **REFERRED** to Judge Dudek to conduct a conference and issue any appropriate order. All parties must **ATTEND** the conference as directed by Judge Dudek.

**DONE** and **ORDERED** in Fort Myers, Florida on November 2, 2022.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record