UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CONCORD AT THE VINEYARDS
CONDOMINIUM ASSOCIATION,
INC.,

    Plaintiff,

v.                                        Case No.:  2:21-cv-380-SPC-KCD

EMPIRE INDEMNITY
INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER[1]

This is a Hurricane Irma case. The assigned Magistrate Judge ordered the dispute to appraisal and stayed the case pending its completion. (Doc. 56). The Court overruled Empire's objections to that Order. (Doc. 60). But appraisal has not begun. Empire filed an interlocutory appeal (Doc. 63), and now asks the Court to stay appraisal pending the outcome of the interlocutory appeal (Doc. 64). The parties briefed the issue, and it is ripe for review. (Docs. 64, 66, 68).

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

Whether the Eleventh Circuit will accept jurisdiction over the interlocutory appeal is an open question. Empire has appealed similar cases and several others have been stayed pending the Eleventh Circuit's decision on the same jurisdictional question. *See Positano Place at Naples IV Condo. Ass'n, Inc. v. Empire Inde. Ins. Co.*, 2:21-cv-186-SPC-MRM; *The Breakwater Commons Ass'n, Inc. v. Empire Indem. Co.*, 2:20-cv-31-JLB-NPM; *Creekside Crossings Condo. Ass'n, Inc. v. Empire Indem. Co.*, 2:20-cv-136-JLB-NPM. In these cases, the Eleventh Circuit has required the parties to respond to the jurisdictional question and carried that question with the merits.

This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). The Court exercises its discretion here to stay appraisal until the Eleventh Circuit decides whether it has jurisdiction to consider Empire's interlocutory appeal. As much as Empire requests a stay under 28 U.S.C. § 1292(b), the request is denied without prejudice to be refiled if the Eleventh Circuit accepts jurisdiction. If the Eleventh Circuit does not accept jurisdiction, appraisal will proceed. The parties must update the Court either way.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Stay Order Pending Appeal (Doc. 64) is **GRANTED** to the extent that the Court exercises its discretion to

stay appraisal until the Eleventh Circuit decides whether it has jurisdiction to consider Empire's interlocutory appeal; otherwise, the Motion is **DENIED** without prejudice.

2. The parties must provide the Court with a joint status update on the appeal proceedings by **January 11, 2023**, and every thirty days thereafter.

3. Defendant must inform the Court of the Eleventh Circuit's decision on jurisdiction, within **3 days** of its issuance.

**DONE** and **ORDERED** in Fort Myers, Florida on December 13, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record